## THE HAMBERG—BREMEN, FIRE INSURANCE CO. v. E. J. MOSES.

### IN COURT OF APPEALS, AUSTIN TERM, 1884.

*Corporation—Service.*—Service upon corporations may be made upon their local agents, but not upon persons who may have previously occupied that relation.

*Same.*—The statute does not authorize the service to be made upon a general agent of a corporation.

Appeal from Lampasas county.

Maxey & Fisher, for plaintiff in error.
Rector, Moore & Thompson, for defendant in error.

#### STATEMENT.

November 24th, 1883, Moses instituted this suit against the company on a fire insurance policy alleging the execution of the policy in the sum of $750, and the total destruction of the property while the policy was in force. Also, that Thos. W. Griffin was the local agent of the company in Lampasas county at the time the insurance was procured, and also when the loss occurred, but for the purpose of defeating the jurisdiction of the court, he had been removed and his authority as agent had been withdrawn; that the principal office of the company was located at the city of Austin, Travis county, and that N. O. Lauve, who resided in said city and county was general agent of the company in the state and had charge of the principal offices.

Process was served both upon Griffin and Lauve, commanding them "to be and appear" before the court and answer the petition, etc. On December 7th, 1883, judgment of default was rendered against the company for $750 and costs of suit. The questions

made and relied upon amount to this, that there was no service upon the company.

## OPINION.

Watts, J.: That the pretended service upon Griffin was ineffectual to bind plaintiff in error, admits of no question. It is alleged in the petition that he had been discharged, and his authority as local agent of Lampasas county, withdrawn; whatever might have been the motive that prompted his removal is not material, for it affirmatively appears that he was not such local agent when the pretended service was had. The Statute authorizes service upon corporations to be made upon their local agents but not upon persons who may have previously occupied that relation to the corporation. As Griffin was not the local agent at the time of the pretended service, it was no more efficacious than if it had been made upon any other stranger to plaintiff in error. Hence this branch of the question will be pretermitted in the further consideration of the case.

As to the mode of obtaining service in this class of cases the statutes provides "To suits against any incorporated company or joint stock association, the citation may be served upon the president, secretary or treasurer of such company or association, or upon the local agent representing such company or association, in the county in which suit is brought, or by leaving a copy of the same at the principal office of the company during office hours. (R. S., Art. 1228.

It appears from the allegations in the petition, that plaintiff in error is a domestic corporation, with its principal office at the City of Austin, in Travis county, and that it had no local agent in Lampasas county when this suit was brought.

To authorize a judgment by default against a corporation or joint stock company, the process must be served in the manner prescribed by the statute. It is not made to appear that Lauve occupied the position of either president, secretary or treasurer of the corporation. And it is affirmatively shown that he was not the local agent in Lampasas county. There is no provision of statute that authorizes the service to be made upon a general agent. And it can not be held that service of such agent is equivalent to leaving a copy of the process at the principal office of the corporation during office hours.

For a proper disposition of this case, it is sufficient to hold that

the corporation was not served with process in any of the modes prescribed by statute, and therefore the judgment by default was unwarranted.

It is not necessary to determine the question as to the sufficiency of the process itself, the statute directs that the defendant shall be summoned to appear and answer the petition, and whether in view of the provisions of article 1245 Revised Statutes, it is or not essential that the process should follow the statute in that particular, certainly it is more regular that it should do so. Our conclusion is that the judgment ought to be reversed and the cause remanded.